NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS RAMOS URIBE,

Petitioner,

v.

PAMELA J. BONDI, United States
Attorney General,

Respondent.

No. 24-4360

Agency No.
A206-676-914

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Luis Ramos Uribe (Ramos Uribe), a native and citizen of Mexico, petitions

for review of a decision of the Board of Immigration Appeals (BIA) dismissing his

appeal of a decision from an Immigration Judge (IJ) denying his applications for

withholding of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT).[1]  We deny the petition.

**1.**     Substantial evidence supports the BIA's conclusion that Ramos Uribe did not establish the Mexican government was unable or unwilling to control his persecutors.  *See Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1044 (9th Cir. 2024), *as amended* ("To qualify for asylum and withholding of removal based on past persecution, [Ramos Uribe] must establish that the persecution was committed by the government or by forces that the government was unwilling or unable to control. . . .") (citation and internal quotation marks omitted); *see also Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) ("We also note that the Truongs' professed belief that the Italian government was complicit in or unwilling to stop their harassment is undermined by the fact that the Truongs repeatedly sought assistance from the Italian police, who dutifully made reports after each incident and indicated that they would investigate . . . .").  As noted by the BIA, "the Mexican government acted in response to the [Moreno family's] crimes against [Ramos Uribe] and his family."  Indeed, the government arrested two members of the Moreno family for their actions against Ramos Uribe's family, and it prosecuted and incarcerated one of them.  Ramos

---

[1]     Ramos Uribe conceded at his hearing before the IJ that he was "not statutorily eligible for asylum because he did not file for asylum within one year of his entry into the United States."  Ramos Uribe did not argue "why he should have been granted an exception due to changed or extraordinary circumstances."  *Lopez v. Garland*, 116 F.4th 1032, 1046 (9th Cir. 2024) (citation and internal quotation marks omitted).  Thus, his asylum claim was barred as untimely.  *See id.* at 1045-46.

Uribe's contention that reporting other crimes by Moreno family members would be futile, without more, does not establish that the Mexican government was unable or unwilling to control the Morenos. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Thus, substantial evidence supports the denial of withholding of removal. *See Truong*, 613 F.3d at 941-42.

**2.** Substantial evidence also supports the denial of CAT relief. An applicant who seeks CAT relief "must prove [1] that it is more likely than not that he would be tortured if removed to the proposed country and [2] that torture [would] be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Edgar G.C. v. Bondi*, 136 F.4th 832, 845 (9th Cir. 2025) (citations, alterations, and internal quotation marks omitted). As discussed, the Mexican government has taken action to control the Moreno family. Thus, Ramos Uribe did not establish a likelihood of future torture with the consent or acquiescence of the Mexican government. *See id.*

**PETITION DENIED.**